IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Robert Barnes,<br><br>    Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>    Respondents. | No. CV 05-2348-PHX-FJM (ECV)<br><br>**ORDER** |

       Pending before the court for a Report and Recommendation is Petitioner Robert Lee Barnes' *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On March 28, 2001, pursuant to a plea agreement, Petitioner pleaded guilty in Maricopa County Superior Court to one count of Conspiracy to Commit Aggravated Assault and one count of Assisting a Criminal Street Gang, both class three felonies under Arizona law. Doc. #22, Exh. B. On February 1, 2002, Petitioner was sentenced to consecutive sentences of 7 years in prison for the conspiracy count and 3.5 years for the assisting a street gang count. Doc. #22, Exh. D. One of the claims in the petition is that the consecutive sentences violate the Double Jeopardy Clause.

       In their Answer to Petition for Writ of Habeas Corpus, Respondents argue that the claim is without merit because each of the two offenses contains an element not contained in the other. Doc. #22 at 9-11. Therefore, under the test established in Blockburger v. United States, 284 U.S. 299 (1932), Respondents argue there is no double jeopardy violation.

1  To support their argument, Respondents contend that Petitioner was convicted of violating
2  A.R.S. § 13-2308(A) and they compare the elements of that subsection with the elements of
3  conspiracy to commit aggravated assault. Doc. #22 at 9-11. However, portions of the record
4  provided by Respondents suggest that Petitioner was convicted of violating A.R.S. § 13-
5  2308(C) and (F), not 2308(A). For example, the change of plea Minute Entry states that
6  Petitioner pled guilty to "Assisting a Criminal Street Gang," which is the offense set forth in
7  § 13-2308(C) and (F). Doc. #22, Exh. B. The offense in § 13-2308(A) involves
8  "participating" in a criminal syndicate. Moreover, the change of plea and sentencing Minute
9  Entries and Petitioner's plea agreement show the offense as a class 3 felony, which is
10 consistent with a conviction under § 13-2308(C) and (F). A conviction under § 13-2308(A)
11 on the other hand, is a class 2 felony. A.R.S. § 13-2308(D), (E) and (G). Finally, Petitioner
12 asserted in his state petition for post-conviction relief that § 13-2308(C) and (F) correspond
13 to the street gang offense to which he pled guilty. Doc. #22, Exh. F at 13-14. The State of
14 Arizona did not dispute this assertion in its response to the petition. Doc. #24, Exh. C.

15      Respondents have not provided a transcript of the change of plea proceeding or other
16 source to conclusively indicate the subsection to which Petitioner pled guilty. Because this
17 issue is relevant to the court's determination of the double jeopardy issue, Respondents are
18 directed to supplement their answer and provide evidence to the court establishing the gang-
19 related offense Petitioner was convicted of, including the proper subsection. If Petitioner
20 was in fact convicted of violating A.R.S. § 13-2308(C) and (F), Respondents are further
21 directed to analyze whether, applying the elements of § 13-2308(C), the <u>Blockburger</u> test is
22 satisfied and whether <u>Whalen v. United States</u>, 445 U.S. 684 (1980) is determinative.
23 ///
24 ///
25 ///
26 ///
27 ///
28

1  **IT IS THEREFORE ORDERED:**

2  That Respondents shall file a supplement to their answer consistent with the court's
3  directives on or before Monday, July 31, 2006.

4  DATED this 19th day of July, 2006.

*[signature: Edward C. Voss]*
Edward C. Voss
United States Magistrate Judge