**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Lee Barnes, ) | No. 2:05-cv-02348-PHX-FJM |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Dora B. Schriro, et. al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

The court has before it petitioner's petition for writ of habeas corpus (doc. 1), petitioner's "Motion to Include to Original Petition"[1] (doc. 15), respondents' answer (doc. 22), petitioner's reply (doc. 24), respondents' supplemental answer (doc. 26), and the report and recommendation of the United States Magistrate Judge (doc. 30). Petitioner has failed to file objections and the time for filing them has expired; therefore, we adopt the Magistrate's recommendation in full. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (interpreting 28 U.S.C. § 636 (b)(1)(C)). Petitioner's consecutive sentences do not violate the Double Jeopardy Clause for two alternative, independent grounds.

---

[1] The magistrate judge agreed to consider the supplemental information provided in this motion in support of Ground Four of the petition; we do the same.

1. The state court determined that petitioner's consecutive sentences for conspiracy to commit aggravated assault, a felony in violation of A.R.S. §§ 13-1003(A), 13-1203, 13-1204 (2006), and assisting a criminal syndicate, a felony in violation of § 13-2308(c), which requires proof of any underlying felony, did not violate the Double Jeopardy Clause. That decision is a reasonable application of the United States Supreme Court's precedent, and a reasonable determination of the facts. See 28 § 2254(d)(1)-(2).

The state court reasonably found that the crime used to satisfy the underlying felony offense element of § 13-2308(c), based on petitioner's conduct involving a rifle, was not the offense of conspiracy to commit aggravated assault. At the Change of Plea Proceeding, petitioner's counsel stated that petitioner "specifically assisted the criminal street gang by agreeing to furnish a rifle to members of Park South, although this rifle was not used . . . at the 7-Eleven [where the shooting occurred]." Supplemental Answer Exhibit A at 14. The trial court rationally construed that statement to mean that petitioner agreed to and did furnish a rifle to members of a gang. The conduct of furnishing a rifle is itself sufficient for a felony conviction; whether the furnished rifle was actually used is immaterial. See § 13-3102(A)(14). Therefore, each offense petitioner was convicted of contained elements not found in the other, and consecutive sentences for both did not violate the Double Jeopardy Clause. See Blockburger v. U.S., 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932); Harris v. Oklahoma, 433 U.S. 682, 682, 97 S. Ct. 2912, 2912-13 (1977) (holding that when conviction of a crime cannot be had without conviction of a requisite underlying felony, violation of the underlying felony cannot justify an additional sentence).

2. Alternatively, petitioner's *agreement* to furnish a rifle is conduct sufficient to satisfy the elements of an additional felony: conspiring to commit misconduct involving weapons. See §§ 13-1003, 13-3102(A)(14). That conduct provides an alternative underlying felony for purposes of satisfying the felony element of the § 13-2308(c) offense, and contains elements not found in the offense of conspiracy to commit aggravated assault. Therefore, under this alternative theory, consecutive sentences for conspiracy to commit aggravated assault and assisting a criminal syndicate in violation of § 13-2308(c) would not violate the Double Jeopardy Clause.

For the foregoing reasons, we accept the Magistrate Judge's recommendation. Accordingly, **IT IS ORDERED DENYING** the petition for writ of habeas corpus (doc. 1).

DATED this 5th day of October, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 3 -